UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; CHRIS HOWELL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 19-cv-0512-L-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS [ECF No. 6]** |

Pending before the Court is Defendants Howell Management Services' ("HMS"), Chris Howell's, and Justin Spencer's (collectively "Defendants") Motion to Dismiss [ECF No. 6]. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendants' Motion.

**I. BACKGROUND**

From October 2015 to March 2017, Plaintiff Aparna Vashisht-Rota ("Plaintiff") worked under contract for Defendants by referring foreign and domestic students to HMS and having those students enrolled at universities associated with HMS. During the contractual relationship, Plaintiff and Defendants entered four separate authorized

1

representative agreements. Defendants Howell and Spencer subjected Plaintiff to unwelcome and ongoing sex-based harassment and discrimination based on her gender, Indian race, ethnicity, and national origin during her employment with HMS. Throughout the employment relationship, Plaintiff raised complaints about Defendants' unwelcome behavior and nonpayment for the work she performed. Around May 2017, Plaintiff ceased working for HMS due to nonpayment, discrimination, harassment, and retaliation from Defendants.

On March 18, 2019, Plaintiff filed her Complaint against Defendants for (1) Sexual Harassment – Hostile Work Environment, (2) Unlawful Sexual/Gender Discrimination, (3) Race Discrimination, (4) National Origin Discrimination, (5) Retaliation in Violation of Public Policy, (6) Retaliation in Violation of California Labor Code section 1102.5, (7) Constructive Discharge, (8) Intentional Infliction of Emotional Distress, (9) Failure to Prevent Unlawful Discrimination and harassment, (10) Failure to Correct and Remedy Unlawful Discrimination and Harassment, and (11) Violation of Equal Pay. The Complaint also alleges Plaintiff has still not been paid for her work.

Defendants move to dismiss this case on the basis that the claims brought here are compulsory counterclaims to prior Utah litigation between the parties. Defendants also move to dismiss or transfer this case based on *forum non conveniens* or under 28 U.S.C. § 1404 due to a forum selection provision in the agreement between the parties. In the alternative, Defendants assert that the case should be transferred to the United States District Court for the District of Utah under 28 U.S.C. § 1404(a) if their motion to dismiss is denied.

Defendants contend that Plaintiff and her company, August Education Group ("AEG"), are involved in pending litigation ("Utah Litigation") with HMS[1] in First Judicial

---

[1] HMS is the Plaintiff in the Utah Litigation. Defendants Chris Howell and Justin Spencer are not party to the Utah Litigation as individuals. *See* Doc. 13-2 in Case No. 3:18-cv-2010-L-AGS. Pursuant to Local Rule 40.1(f), Defendants filed a notice of related

District in and for Cache County, Utah. The Utah Litigation was initiated by HMS in November of 2017, against Plaintiff and AEG. Plaintiff and AEG have counterclaimed in the Utah Litigation.

## II. LEGAL STANDARD

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A forum non conveniens determination is committed to the discretion of the district court. *Gemini Capital Group, Inc. v. YapFishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). "The defendant bears the burden of proving the existence of an adequate alternative forum." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983).

In the interests of justice, a district court may transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and of the witnesses. 28 U.S.C. § 1404(a). Courts generally apply a two-part analysis to

---

cases identifying the following cases as related: (1) *Howell Mgmt. Servs., LLC v. August Education Group et al.*, Case No. 170100325 in Cache County, Utah and (2) *Aparna Vashist-Rota v. Howell Mgmt. Servs., LLC, et al.*, Case No. 3:18-cv-2010-L-AGS in this Court. The Court dismissed Plaintiff's Complaint in the related federal civil case after finding that Plaintiff's claims were compulsory counterclaims that must be included in the Utah litigation. *See Vashist-Rota*, Case No. 3:18-cv-2010-L-AGS at Doc. 22.

determine whether a transfer of venue is appropriate under § 1404(a)—(1) whether the action could have been commenced in the transferee court and (2) whether the case should be moved "for convenience of parties and witnesses [and] in the interests of justice. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985); *see also Ctr. For Biological Diversity v. McCarthy,* 2015 WL 1535594, at *1 (N.D. Cal. Apr. 6, 2015).

In determining the interest of justice under traditional § 1404(a) analysis, the Ninth Circuit instructs that courts may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs of the litigation in the two forums, (7) the availability of compulsory process to compel attendance of un-willing party witnesses, and (8) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### III. DISCUSSION

#### A. Compulsory Counterclaims

Defendants contend Plaintiff's causes of action are compulsory counterclaims because a logical relationship demonstrates her claims arise out of the same integral transaction or occurrence disputed in the Utah litigation. In opposition, Plaintiff contends her harassment, discrimination, and retaliation claims do not arise under the facts being litigated in the Utah litigation and assert that none of these issues have been litigated in the Utah case.

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005). "The question whether the [Plaintiff's] claims are compulsory counterclaims which should have been pleaded in the earlier. . . state court action is a question of state law." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). Since the earlier action was filed in Utah state court, Utah law applies. *See Just in Time Supplier, Inc. v. Sioux Honey Ass'n Coop.*,

2018 WL 2981179, at *3 (S.D. Cal. June 14, 2018). Utah Rule of Civil Procedure 13(a)(1) states, "A pleading must state as a counterclaim any claim that –at the time of its service— the pleader has against an opposing party if the claim: (a)(1)(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (a)(1)(B) does not require adding another party over whom the court cannot acquire jurisdiction." Rule 13(a) furthers the purpose of ensuring that "all relevant claims arising out of a given transaction are litigated in the same action." *Raile Family Tr. ex. rel. Raile v. Proma Dev. Corp.*, 24 P.3d 980, 983 (2001). Utah courts interpreting the Utah Rule of Civil Procedure draw from federal courts interpreting the Federal Rules. *See Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1102 (1991). Federal courts apply the liberal "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence" under Rule 13(a). *Pochiro*, 827 F.2d at 1249. This approach evaluates "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* The Ninth Circuit instructs that the pertinent inquiry in these matters is not the legal theory but the facts underlying both cases. *See Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F. 3d 1108, 1110 (9th Cir. 2013).

In the Utah litigation, HMS asserts several causes of action Plaintiff and AEG, including defamation and injurious falsehood. HMS also seeks injunctive relief to prevent Plaintiff from initiating emails to HMS personnel. The facts upon which that litigation is premised centers around conduct Plaintiff pursued after the contractual relationship between HMS and AEG ended. For example, the complaint in the Utah litigation alleges numerous occasions in which Plaintiff threatened to or in fact attempted to interfere with HMS' commercial partnerships by email. Plaintiff's behavior, as alleged in the Utah complaint, primarily focuses on her behavior after the contractual relationship ended between HMS and AEG. In the instant complaint, Plaintiff alleges instances where she was subjected to unwanted and unwelcomed sexual harassment, offensive behavior, and discrimination by Defendants Howell and Spencer during the business relationship

between the parties. Moreover, the Court is not persuaded by HMS' contention that the allegations here are at issue in the HMS' interference, defamation, and injurious falsehood claims in Utah. As such, the facts of this case and the Utah litigation are distinct in that the instant litigation focuses on the Defendants' behavior *during* the contract relationship and the Utah litigation focuses on Plaintiff's behavior *after* the contract relationship ended. Thus, the claims do not arise under the same facts. Therefore, Plaintiff's claims are not compulsory counterclaims that must be included in the Utah Litigation.

### B. 28 U.S.C. § 1404/*Forum Non Conveniens*

In the Third Authorized Representative Agreement signed April 24, 2017, the parties agreed as follows:

> "With respect to any claim or action arising under this Agreement each party to the Agreement hereby (a) irrevocably submits to the exclusive Jurisdiction of the Courts of the State of Utah, and (b) irrevocably waives any objection which such party may have at any time to the laying of venue of any suit, action or proceeding arising out of or relating to this agreement brought in any such court, irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum and further irrevocably waives the right to object, with respect to such claim, suit, action or proceeding brought in any such court, that such court does not have jurisdiction over such party[.]"

Plaintiff contends the forum selection provision unenforceable. Federal courts apply federal law to determine the enforceability of a forum selection clause. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapta Off-Shore Co.*, 407 U.S. 1, 10 (1971). Once the forum selection clause is determined to be enforceable, the appropriate way to enforce a forum selection clause is through 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens*. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas¸* 571 U.S. 49, 60-61 (2013). Both 28 U.S.C. § 1404(a) and the *forum non conveniens* doctrine entail the same balancing-of-interests standard. *Id.*

"[T]he forum selection clause should control absent a *strong* showing that it should be set aside." *Bremen*, 407 U.S. at 15 (emphasis added). A forum selection clause could be found unreasonable for any one of the following reasons: (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party attempting to repudiate the clause would effectively be deprived of his day in court were the clause enforced; or (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citations omitted); *see Spradlin v. Lear Siegler Mgmt. Servs.Co.*, 926 F.2d 865, 867-68 (9th Cir. 1991) (noting that the *Bremen* takes into account "the factual circumstances of the initial employment agreement and the underlying dispute . . . including any power differentials").

When a valid forum selection clause preselects a different forum than the one selected by the plaintiff, courts modify § 1404(a) analysis in three ways: (1) the plaintiff's choice of forum "merits no weight," and it is plaintiff's burden to demonstrate why the action should not be transferred to the preselected forum; (2) the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum"; and (3) a § 1404(a) transfer of venue "will not carry with it the original venue's choice-of-law rules." *Atlantic Marine*, 571 U.S. at 63-64. Plaintiff must show either that the forum selection clause is not valid or that the public interest factors to be considered under § 1404(a) make transfer inappropriate. *Id.*

Plaintiff first asserts that transferring this case to the Cache County Utah state court would deprive her of her day in court due to the lack of diversity of the jury pool. A party must show the following to challenge the makeup of a jury pool: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group from the jury-selection process. *See Duren v. Missouri*,

439 U.S. 357, 364 (1979). Plaintiff has not made any showing under any of the prongs. As such, Plaintiff's contention fails.

Plaintiff next contends that enforcement of the forum selection clause would contravene public policy of this forum. Plaintiff argues California Government Code § 12940 et. seq. evidences that California has a strong public policy in protecting employees from sexual harassment and retaliation. This argument falls short as it does not address whether the forum selection clause itself violates California's public policy. *Run Them Sweet, LLC v. CPA Glob. Ltd.,* 2016 WL 6216874, at *3 (N.D. Cal. Oct. 25, 2016) (finding that plaintiff failed to identify a public policy that relates "to venue"); *East Bay Women's Health, Inc. v. gloStream, Inc.*, 2014 WL 1618382, at *3 (N.D. Cal. Apr. 21, 2014) (same). Moreover, as other courts have noted, determining whether a forum-selection clause is enforceable is "separate and distinct from choice of law provisions that are not before the court." *See Run Them Sweet,* 2016 WL 6216874, at * 3 (citing *gloStream*, 2014 WL 161 8382, at * 3). The California statute Plaintiff relies upon does not relate to venue. Plaintiff may assert that California law should apply to protect Plaintiff's interests in the transferee court. Nonethless, Plaintiff's contention that the forum selection clause violates public policy because California has a policy that protects employees from the conduct alleged here is unavailing. As such, the Court finds that the forum selection clause at issue does not contravene public policy. Accordingly, the Court finds the forum selection is valid and enforceable.

The Court also finds that the forum selection clause covers the claims raised in Plaintiff's Complaint. The forum selection clause is clearly broad enough to encompass the claims that arose during the contractual relationship between the parties. Although the Court recognizes that the allegations here pertain to conduct during the contractual relationship and the allegations in the Utah litigation pertain to post-contractual relationship conduct, both claims stem from a common experience contemplated under the Agreement—Plaintiff's contracted employment. Notwithstanding, the Court questions whether the Utah state court's ruling that the Third Authorized Representative Agreement

controls in this litigation since the challenged conduct here occurred before that contract was signed. Nonetheless, it was Plaintiff's burden to bring forth such an argument and it was not raised here. Thus, the Court finds that the forum selection clause controls this litigation.

In light of the presence of a valid forum selection clause, the Court undertakes a modified §1404(a) analysis. Defendants do not challenge Plaintiff's contention that the negotiations for the four contract agreements occurred in California, favoring this forum. The Utah state court is most familiar with the governing law under the choice of law provision in the forum selection clause—Utah state law. Plaintiff's choice of venue "merits no weight[]" under *Atlantic Marine*. Likewise, the respective parties' contacts with the forum and the contacts relating to Plaintiff's cause of action in the chosen forum are not to be considered because the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *See Atlantic Marine*, 571 U.S. at 63-64. Plaintiff asserts that it would be financially burdensome to transfer this litigation to the Utah state court, but she does not clarify why litigating this case in Utah state court would be any more onerous than the costs she is already incurring in defending the Utah litigation currently. As such, this factor weighs in favor of transfer. The *Atlantic Marine* analysis also dictates that the Court not consider private-interest factors like the availability of compulsory process to compel attendance of unwilling non-party witnesses and the ease of access to sources of proof because a valid forum selection clause exists. *See Atlantic Marine*, 571 U.S. at 63-64. Accordingly, the Court finds that these factors weigh in favor of transfer. Since the forum selection clause demands the case be brought in a nonfederal forum, the Court must dismiss this case under the *forum non conveniens* doctrine. *Id.* at 61 (citations omitted).

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion. IT IS HEREBY ORDERED that Defendants' motion to dismiss under the doctrine of *forum non conveniens* is GRANTED. IT IS FURTHERED

9

ORDERED that Defendants motion to dismiss under Rule 12(b)(6) is DENIED. The Clerk's Office shall close this case upon entry of this order.

Dated: March 2, 2020

_____
Hon. M. James Lorenz
United States District Judge